UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEIDRE DENNIS, *et al.*,

    Plaintiffs,

v.

MYLIFE.COM, INC.,

    Defendant.

Case No. 20–cv–00954–CCC–ESK

OPINION AND ORDER

Kiel, U.S.M.J.

    **DEFENDANT**, following the entry of default against it by the Clerk of the Court, has filed a motion to set aside the entry of default (Motion To Set Aside) pursuant to Federal Rule of Civil Procedure 55(c). (ECF No. 9 through ECF No. 9–6.) Plaintiffs oppose the Motion To Set Aside. (ECF No. 13; ECF No. 13–1.) Defendant has replied to plaintiffs' opposition. (ECF No. 17.) This Court will resolve the Motion To Set Aside upon review of the papers and without oral argument. *See* L.Civ.R. 78.1(b). This Court intends, among other things, to: (a) grant the Motion To Set Aside; and (b) set aside the default that has been entered against defendant. The reasoning for this holding is as follows:

    1.    Defendant is in the business of running a website that provides electronic "reputation" profiles of consumers that may be accessed for a fee. (ECF No. 1.) Plaintiffs allege defendant has violated, *inter alia*, the Federal Fair Credit Reporting Act (FCRA) and the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act by creating profiles that contain: (a) inaccurate information that is harmful to their reputations; and (b) other personal and financial information that may be accurate, but that nonetheless disrupts their privacy. (*Id.*) Plaintiffs seek to assert their claims as part of a class action. (*Id.*)

2. The decision whether to set aside the entry of a default is within the discretion of the Court. *See Farnese v. Bagnasco*, 687 F.2d 761, 763–64 (3d Cir. 1982); *see also Handle v. Postmaster Gen., U.S. Postal Serv.*, 806 F.App'x 95, 100 (3d Cir. 2020) (holding the same). The eventual entry of a default judgment is disfavored, and decisions on the merits are to be encouraged. *See Farnese*, 687 F.2d at 764; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F.App'x 519, 521–22 (3d Cir. 2006) (holding the same).

3. This Court finds that plaintiffs will not be prejudiced if the default is set aside. *See Farnese*, 687 F.2d at 764. Even though the plaintiffs argue they "will be prejudiced if the entry of default is set aside owing to the ongoing nature of their injury" (ECF No. 13 at p. 8), that is not a sufficient reason to permit the default to remain in place. *See Sourcecorp Inc. v. Croney*, 412 F.App'x 455, 460 (3d Cir. 2011) (in vacating an entry of a default judgment, holding "the costs associated with continued litigation normally cannot constitute prejudice"); *see also Beauty Plus Trading Co. v. Bee Sales Co.*, No. 15–08502, 2017 WL 706604, at *3 (D.N.J. Feb. 21, 2017) (rejecting a plaintiff's argument in opposition to a motion to set aside a default that "it w[ould] be prejudiced because it w[ould] be forced to continue litigating liability and because its relief ha[d] been delayed," and holding "a delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to warrant the denial of a motion to vacate default" (internal quotation marks, alterations, and citation omitted)).

4. This Court also finds that defendant has presented several litigable defenses in the action. *See Farnese*, 687 F.2d at 764. Defendant argues, among other things, that: (a) plaintiffs lack standing to bring these claims because they have not suffered any injury; (b) it is not a credit reporting agency, and thus the conduct in issue not regulated by the FCRA; (c) its website reproduces information that is already publicly available; and (d) there will be highly individualized inquiries into the damages, if any, suffered by any particular consumer, and thus plaintiffs' claims are not suitable for class certification. (*See* ECF No. 9–1 at pp. 11–13.) This Court

acknowledges that plaintiffs vigorously dispute defendant's proffered defenses, *e.g.*, plaintiffs argue they possess standing to bring their claims pursuant to the holding in *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016) in that they can demonstrate that they have suffered concrete and particularized harm, and that defendant's conduct is regulated by the FCRA because it assembles consumer information in order to sell background reports. (*See* ECF No. 13 at pp. 12–33; *see also id.* at p. 24 (characterizing defendant's business model as "Orwellian").) However, plaintiffs' arguments present a dispute that should be addressed through discovery and then, if necessary, either in a dispositive motion or during a trial.

5. Additionally, this Court finds that the entry of default was not caused by the culpable conduct of defendant or its counsel, but was due to excusable neglect. *See Farnese*, 687 F.2d at 764. Defendant states that the delay was caused because plaintiffs served a less-than-knowledgeable employee of defendant instead of defendant's well-publicized registered agent, and that defendant first became aware of plaintiffs' service of process when it received a notice in the mail about the request for entry of default. (*See* ECF No. 9–1 at p. 1; *see also* ECF No. 9–2 at p. 1 (defendant's general counsel declaring that defendant has a registered agent for service).) In addition, counsel for defendant requested that plaintiffs consent to set aside the entry of default before it resorted to motion practice, and — as counsel for plaintiffs readily admits — the request was denied. (*See* ECF No. 13 at p. 1 (plaintiffs admitting same).) Furthermore, counsel for defendant appeared in this case within nine days of when the Clerk of the Court entered default. (*Compare* ECF entry following ECF No. 6 (the entry of default), *with* ECF No. 7 (the filing of the notice of appearance by counsel for defendant).) Therefore, the Court finds that defendant's earlier failure to appear in the case was neither willful nor in bad faith.

6. Plaintiffs appear to be under the mistaken impression that a default *judgment* has already been entered against defendant. (*See* ECF No. 13 at p. 8 (arguing that "the court must first consider whether setting aside the judgment will prejudice the plaintiff"); *id.* (arguing that "[p]rejudice can arise in a variety of

contexts, and may include … the plaintiff's reliance on the judgment"); *id.* at p. 33 n. 10 (discussing "factor[s] to consider when assessing a motion to vacate default judgment"); ECF No. 13–1 at p. 1 (plaintiffs' proposed order, which describes the Motion To Set Aside as concerning a prior "entry of default judgment").)   However, only a default has been entered by the Clerk of the Court, and thus harsher scrutiny of defendant's conduct is not required in addressing the Motion To Set Aside.   *See* Fed.R.Civ.P. 77(c)(2)(B) (authorizing the Clerk to enter default).

       7.     Defendant moved to dismiss the complaint while its Motion To Set Aside was pending.   (See ECF No. 18.)   Such a filing was procedurally improper, and it deprived plaintiffs of an opportunity to file proper opposition due to the uncertainty of whether the Motion To Set Aside would be granted.   *See Avraham v. Golden*, No. 18–11795, 2019 WL 699958, at *3 (D.N.J. Feb. 19, 2019) (holding that defendant's motion to dismiss had to be denied, albeit without prejudice and with leave to refile, in view of defendant's simultaneously-pending motion to set aside an entry of default).   As plaintiffs correctly point out, such a filing where an entry of default had yet to be set aside "is a procedural non sequitur."   (ECF No. 27 at p. 1.)   Thus, this Court will administratively terminate the pending motion to dismiss without prejudice, and grant defendant leave to move again upon a new notice of motion within 14 days of entry of this opinion and order.   *See Rolo v. Gen. Dev. Corp.*, 949 F.2d 695, 702 (3d Cir. 1991) (holding a court possesses the "inherent power to control its docket so as to promote fair and efficient adjudication"); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (discussing "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").   Accordingly,

**IT IS** on this   **3rd** day of **September 2020**   **ORDERED** that:

1. Defendant's motion to set aside the entry of default (**ECF No. 9**) is **GRANTED**.

2. The default that has been entered against defendant (ECF entry following ECF No. 6) is **SET ASIDE**.

3. Defendant's motion to dismiss (**ECF No. 18**) is **ADMINISTRATIVELY TERMINATED**, without prejudice and with leave to defendant to do one of the following within 14 days of entry of this opinion and order: (a) move to dismiss again upon a new notice of motion; or (b) file an answer.

          */s/ Edward S. Kiel*
          **EDWARD S. KIEL**
          **UNITED STATES MAGISTRATE JUDGE**